Celina APPLEWHAITE, Appellant,

v.

Michael J. ASTRUE,[1] Appellee.

No. 07–0241–cv.

United States Court of Appeals,
Second Circuit.

Sept. 29, 2008.

Celina Applewhaite, pro se, Jamaica, NY, for appellant.

Varuni Nelson, Kathleen A. Mahoney, Laura D. Mantell, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, and Hon. JANE R. ROTH,[2] Circuit Judges.

## SUMMARY ORDER

Appellant *pro se* Celina Applewhaite ("Applewhaite"), a retired high school teacher born November 29, 1930, asserts that appellee Commissioner of Social Security ("Commissioner") erred in calculating the retirement benefits to which she was entitled under the Social Security Act. Following a hearing and review of the record, Administrative Law Judge ("ALJ") David Z. Nisnewitz concluded that Applewhaite had not demonstrated that she was entitled to greater benefits or that the amount previously paid to her was incorrect. The district court determined that the ALJ's findings were supported by substantial evidence and granted appellee's motion for judgment on the pleadings.[3] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Commissioner of Social Security Michael J. Astrue is automatically substituted for former Commissioner of Social Security Jo Anne B. Barnhart as the appellee in this case.

2. The Honorable Jane R. Roth, of the United States Court of Appeals for the Third Circuit, sitting by designation.

3. Applewhaite was represented by counsel before the district court.

Although we appreciate Applewhaite's frustrations in dealing over the years with the Social Security Administration ("SSA"), we ultimately conclude that the final agency ruling is not infected by legal error and is supported by substantial evidence. On appeal, Applewhaite contends that SSA improperly (1) deprived her of a lump-sum payment of $6,460 due to her upon retirement in July 1996; (2) reduced her monthly benefit payment by $50 starting in August 1996; (3) "unjustly appropriated at least $2,184.00" of her benefits in 1997; (4) failed to give her credit for her 1995 earnings, except for a one-time payment of $400; (5) failed to give her credit for the eight months she worked beyond retirement age; and (6) failed to give her "an extra $16.00 (the primary insurance amount)...." Appellant's Br. at 2. In sum, Applewhaite alleges that the SSA owes her a total of approximately $23,000 for under-payments dating back to July 1996 and that her current benefit payment, now $1,113 per month, is $119 too low. *See id.*

"Our review of the Commissioner's determination is narrow. We may set aside the Commissioner's decision only if it is based on legal error, or if the factual findings are not supported by substantial evidence." *See Bubnis v. Apfel,* 150 F.3d 177, 181 (2d Cir.1998) (citing 42 U.S.C. § 405(g)). Both the district court's memorandum opinion and the Commissioner's brief on appeal explain how the SSA initially miscalculated and eventually corrected Applewhaite's benefit payments, resulting in an appropriate aggregate disbursement to Applewhaite under the Social Security Act. Applewhaite identifies no error in these explanations[4]; instead, she repeats her allegations that the SSA falsified the record documents, *see e.g.,* Appellant's Br. at 2 ("Social Security ... proceeded to cover up its unlawful actions by falsifying the computer record ...."), and that individual SSA disbursements were incorrect, *see id. passim.* The ALJ's finding that "any allegation of record falsification is unsubstantiated" is supported by substantial evidence—indeed, there is no evidence to the contrary—and Applewhaite's allegations relating to erroneous individual benefit payments are somewhat beside the point. The Commissioner concedes that the SSA issued erroneous benefit payments to Applewhaite in certain months. *See e.g.,* Appellee's Br. at 8–9. The determinative point is that these errors were corrected so that, in the end, Applewhaite received the aggregate amount to which she is statutorily entitled. We do not repeat the district court's calculations supporting this determination, which we have reviewed carefully and adopt as our own.

The judgment of the district court is AFFIRMED.

---

4. Although Applewhaite faults certain aspects of the district court's opinion, *see* Appellant's Br. at 6, 21–22; Reply Br. at 14, she does not indicate how its aggregate calculations are incorrect. *See* Mem. & Order, No. 05–CV–1470 (CBA) at 5–6 (Nov. 21, 2006) (concluding, *e.g.,* that "although Applewhaite's 1996 and 1997 benefits payments were individually incorrect, in the aggregate she was paid all of the benefits owed to her").